**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | No. 09-50646 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-01292-CAS-1 |
| v. | |
| **CHARLEY WILLIAM ELLISON, JR.**, | **MEMORANDUM**[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted August 2, 2010
Pasadena, California

Before:   **KOZINSKI**, Chief Judge, **REINHARDT**, Circuit Judge and
**WHYTE**, District Judge.[**]

Because an informant who gave accurate information in the past may be

presumed trustworthy, even with the informant's criminal history included, the

---

  [*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

  [**]   The Honorable Ronald M. Whyte, Senior United States District Judge
for the Northern District of California, sitting by designation.

affidavit would have supported a finding of probable cause. <u>United States</u> v.

<u>Angulo-Lopez</u>, 791 F.2d 1394, 1396–97 (9th Cir. 1986). Thus, the district court

did not err in denying Ellison's motion to suppress physical evidence and motion

for a hearing pursuant to <u>Franks</u> v. <u>Delaware</u>, 438 U.S. 154 (1978). <u>See</u> <u>United</u>

<u>States</u> v. <u>Reeves</u>, 210 F.3d 1041, 1044–45 (9th Cir. 2000); <u>United States</u> v. <u>Meling</u>,

47 F.3d 1546, 1554–56 (9th Cir. 1995).

Ellison's statement "should I have a lawyer," even considered in light of his

stated desire to avoid self-incrimination, was not an unequivocal request for

counsel. <u>See</u> <u>Davis</u> v. <u>United States</u>, 512 U.S. 452, 461–62 (1994); <u>United States</u>

v. <u>Younger</u>, 398 F.3d 1179, 1186–88 (9th Cir. 2005). The district court did not err

in denying Ellison's motion to suppress statements made after his arrest.

**AFFIRMED.**